IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. WILEY | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV214-HSO-RHW |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | DEFENDANT |

### ORDER AND REASONS DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Plaintiff's Motion filed on December 15, 2008, for Reconsideration [36-1] of this Court's Order [35-1] dated December 1, 2008, which held in abeyance the Motion of Defendant State Farm Fire and Casualty Company ["Defendant"] for Summary Judgment [21-1] filed September 4, 2008. Also before the Court is Defendant's Motion for Summary Judgment [21-1] itself. Both Motions have been fully briefed. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion for Reconsideration should be denied, that Defendant's Motion for Summary Judgment should be granted, and that this case should be dismissed with prejudice.

### I. FACTS AND PROCEDURAL HISTORY

Defendant filed the present Motion for Summary Judgment, seeking dismissal of the Complaint on the grounds of settlement and release. Defendant relies upon a Settlement Agreement executed by Plaintiff and Defendant. The Court issued an Order [35-1] on December 1, 2008, holding Defendant's Motion for

Summary Judgment [21-1] in abeyance for fourteen days and stating that the Motion would be granted, unless Plaintiff established during that time, by appropriate and specific affidavit, his discovery of additional insured damage that was unknown to the parties at the time the Settlement Agreement was signed. *See* Order [35-1], at p. 6.

In response, Plaintiff filed the Motion for Reconsideration [36-1]. Attached in support of the Motion for Reconsideration was Plaintiff's Affidavit, as well as a letter from Defendant to Plaintiff regarding an offer of settlement and an attached release. *See* Aff. of Christopher W. Wiley, attached as Ex. "1" to Pl.'s Mot. for Reconsideration; Letter from Def. dated Sept. 21, 2007, attached as Ex. "2" to Pl.'s Mot. for Reconsideration.

## II. DISCUSSION

A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary

judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.  Analysis

Defendant seeks summary judgment on all of Plaintiff's claims on grounds of settlement and release. *See* Settlement Agreement, at ¶ 2, attached as Ex. "A" to

Def.'s Mem. in Supp. of Mot. for Summ. J. Plaintiff asserts that his claim has been reopened and that the Settlement Agreement was not a "**full, final** and complete settlement." *See* Pl.'s Memo. in Opp'n to Mot., at p. 2 (emphasis in original). Plaintiff argues that he was "accorded safe harbor to seek additional benefits under the policy." *See id.* Plaintiff maintains that "the savings provision of the Settlement Agreement allows [him] to reopen his claim and/or request further evaluation." *See id.* at p. 8.

    1.    <u>Damage Known at the Time of the Settlement Agreement</u>

As the Court noted in its Order [35-1] holding in abeyance Defendant's Motion for Summary Judgment, the Settlement Agreement establishes that there was a meeting of the minds concerning the express terms of the written agreement, and that the Settlement Agreement is enforceable. *See Hastings v. Guillot*, 825 So. 2d 20, 23 (Miss. 2002). Plaintiff has presented no evidence of any "fraud, mistake, or overreaching." *See McManus*, 569 So. 2d at 1215. Based on the record, no dispute exists or can exist that "any and all Katrina claims of any kind whatsoever," which Plaintiff may have had against Defendant were released. *See* Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mem. in Supp. of Mot. for Summ. J.

The Settlement Agreement does contain a reservation of the right to file a new claim based on "additional insured damage that was not known to the parties prior to [the] mediation...." Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mem. in Supp. of Mot. for Summ. J. The Court is of the opinion that this provision of the Settlement Agreement cannot reasonably be read as a reservation

of the right to pursue a tort claim for breach of contract or tortious breach of contract stemming from the denial of Plaintiff's claim for known storm damage under his homeowner's insurance policy with Defendant. *See Watson v. State Farm Fire and Casualty Co.*, 1:07cv807-LTS-RHW, Mem. Op. [43-1], at p. 2 (S.D. Miss. June 19, 2008). Such a construction would undermine the very purpose of this type of settlement agreement, which is to finally resolve a disputed claim by way of a compromise payment that puts an end to the parties' legal differences. *See id.* at pp. 2-3. Plaintiff has not offered evidence of discovery of any additional damage to the insured property that was unknown to him at the time that he entered into this Settlement Agreement.

Defendant has demonstrated that there is no genuine issue as to any material fact as to that damage to the insured property known to Plaintiff at the time the Settlement Agreement was signed, and that it is entitled to judgment as a matter of law as to these claims. *See* FED. R. CIV. P. 56. The Court will therefore grant Defendant's Motion as to any claims stemming from damage to the insured property sustained in Hurricane Katrina that was known to the parties when the Settlement Agreement was executed.

    2.    <u>Additional Damage Discovered by Plaintiff that was Not Known to the Parties at the Time of the Settlement Agreement</u>

Pursuant to this Court's Order [35-1], Plaintiff was required to detail in his Affidavit any additional damage to the insured property that was unknown to the parties at the time the Settlement Agreement was signed. *See* Order [35-1], at p. 6.

Plaintiff's Affidavit does not specifically identify any damage that was unknown at that time. Instead, the Affidavit consists of a chronology of events since Plaintiff's home was "completely destroyed," and of legal arguments as to why summary judgment is inappropriate. *See* Aff. of Christopher W. Wiley, attached as Ex. "1" to Pl.'s Mot. for Reconsideration.

Plaintiff contends that when he was presented the Settlement Agreement, he read it, but "was advised in the event I wanted my claim reopened for further consideration and for further payment thereafter, such right was granted to me by the Settlement Agreement." Aff. of Christopher W. Wiley, at ¶ 5, attached as Ex. "1" to Pl.'s Mot. for Reconsideration. "It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it." *First Family Financial Services, Inc. v. Fairley,* 173 F. Supp. 2d 565, 570 (S.D. Miss. 2001) (*citing Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So. 2d 1254, 1257 (Miss. 1991)). It is also well settled that, "[a]s a matter of law, one may not reasonably rely on oral representations, whether negligently or fraudulently made ..., which contradict the plain language of the documents." *Ballard v. Commercial Bank of DeKalb*, 991 So. 2d 1201, 1207 (Miss. 2008); *see also Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber Co., Inc.*, 584 So. 2d 1254, 1257 (Miss. 1981) (stating that "a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been

-6-

disclosed by reading the contract"). In sum, Plaintiff has not sufficiently established the discovery of any additional damage unknown to the parties at the time they executed the Settlement Agreement.

Plaintiff also contends that pursuant to a letter that he received on or about September 21, 2007, Defendant offered him an additional amount to conclude this claim, which he rejected. *See* Pl.'s Mot. for Reconsideration, at p. 2; Aff. of Christopher W. Wiley, at ¶ 6, attached as Ex. "1" to Pl.'s Mot. for Reconsideration. Plaintiff argues that Defendant's letter stated that if he did not accept the offer, he had the right to pursue litigation. Plaintiff refused the tender and now asserts that he retains the right to pursue this litigation against Defendant.

The Mississippi Court of Appeals has explained that

[u]nder Mississippi case law, a "waiver" presupposes a full knowledge of a right existing, and an intentional surrender or relinquishment of that right. It contemplates something done designedly or knowingly, which modifies or changes existing rights, or varies or changes the terms and conditions of a contract. It is the voluntary surrender of a right. To establish a waiver, there must be shown an act or omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right alleged to have been waived.

*Taranto Amusement Co. v. Mitchell Associates, Inc.*, 820 So. 2d 726, 729-30 (Miss. Ct. App. 2002) (*citing Ewing v. Adams*, 573 So. 2d 1364, 1369 (Miss. 1990)).

Defendant's letter, which enclosed a release, stated that "[i]f you do not accept the offer from State Farm, you retain *all the rights that you have, including the right to pursue litigation.*" Letter from Def. dated Sept. 21, 2007, at p. 2, attached as Ex. "2" to Pl.'s Mot. for Reconsideration (emphasis added). Reading the letter as a whole, this statement was not sufficient to constitute a legal waiver of

-7-

Defendant's known rights which were contained in the previously executed Settlement Agreement. Rather, the Court is of the opinion that the legal effect of this particular statement was merely to inform Plaintiff that he retained whatever legal rights he may have at that time, which included the right to file a new claim based on "additional insured damage that was not known to the parties prior to [the] mediation...." Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mem. in Supp. of Mot. for Summ. J. In short, the September 21, 2007, letter was limited by the terms of the prior Settlement Agreement and was insufficient to establish a knowing and voluntary intention to permanently surrender Defendant's rights under the release provision in the original Settlement Agreement.

## III. CONCLUSION

For the reasons more fully stated herein, as well as in the Court's Order [35-1] dated December 1, 2008, the Court is of the opinion that summary judgment is appropriate. *See* FED. R. CIV. P. 56. Plaintiff's Motion for Reconsideration should be denied, and Defendant's Motion for Summary Judgment should granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiff's Motion for Reconsideration [36-1] filed on December 15, 2008, should be and hereby is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Defendant State Farm Fire and Casualty Company for Summary Judgment, filed on September 4, 2008 [21-1], should be and is hereby **GRANTED,** and all claims asserted against Defendant State Farm Fire

and Casualty Company are hereby dismissed with prejudice, with each party to bear its own costs.

**SO ORDERED AND ADJUDGED**, this the 3rd day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE